[No. 11465.    Department Two.    December 27, 1913.]

OSCAR F. DAHL, *Respondent*, v. PUGET SOUND IRON & STEEL WORKS, *Appellant*.[1]

MASTER AND SERVANT—SAFE PLACE—ASSUMPTION OF RISKS.    A servant who made daily use for a year and a half of a perpendicular ladder nailed to the side of a building assumes the risks from improper construction of the ladder, or want of sufficient light, or from the fact that the ladder was perpendicular, throwing great weight on the hands.

MASTER AND SERVANT—SAFE PLACE—NEGLIGENCE—EVIDENCE—SUFFICIENCY.    The negligence of the owner of a foundry, in removing one step of a ladder on the side of the building, and allowing a portion of the framework of the building to take its place, but which was too large to be grasped by the hands, is not sufficiently established, where the only evidence of its removal was the statement of the plaintiff, who testified that the ladder was in perfect condition a year and a half before the accident, and he did not notice the defective condition until just before he fell, after having used the ladder many times each day, and six or seven times previously on the day of the accident, there being no evidence that any one else was on the ladder after he had last used it; since he either assumed the risks, or if the step was removed after he last used it, the master had no notice thereof.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 13, 1913, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by an employee in a foundry.    Reversed.

[1]Reported in 137 Pac. 315.

*Peters & Powell,* for appellant, contended that the master is not liable in damages for injuries to his employees resulting from the use of a simple implement. *McMillan v. Minetto Shade Cloth Co.,* 134 App. Div. 28, 117 N. Y. Supp. 1081; *Hart v. Village of Trenton,* 115 App. Div. 761, 100 N. Y. Supp. 1092; *Smith v. Green Fuel Economizer Co.,* 123 App. Div. 672, 108 N. Y. Supp. 45; *Cahill v. Hilton,* 106 N. Y. 512, 13 N. E. 339; *Marsh v. Chickering,* 101 N. Y. 396, 5 N. E. 56; *Wachsmuth v. Shaw Electric Crane Co.,* 118 Mich. 275, 76 N. W. 497; *Holt v. Chicago, M. & St. P. R. Co.,* 94 Wis. 596, 69 N. W. 352; *Stirling Coal & Coke Co. v. Fork,* 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837; *Jenney Elec. L. & P. Co. v. Murphy,* 115 Ind. 566, 18 N. E. 30; *Miller v. Erie R. Co.,* 21 App. Div. 45, 47 N. Y. Supp. 285; *Sheridan v. Gorham Mfg. Co.,* 28 R. I. 256, 66 Atl. 576, 13 L. R. A. (N. S.) 687. The plaintiff assumed the risk in using the ladder. *Borden v. Daisy Roller Mill Co.,* 98 Wis. 407, 74 N. W. 91, 67 Am. St. 816; *Deaton v. Abrams,* 60 Wash. 1, 110 Pac. 615; *McGrath v. Walsh,* 4 N. Y. Supp. 705; *Henggler v. Cohn,* 68 N. J. L. 240, 52 Atl. 280; *Meador v. Lake Shore & M. S. R. Co.,* 138 Ind. 290, 37 N. E. 721, 46 Am. St. 384; *McGill v. Cleveland & S. W. Traction Co.,* 79 Ohio St. 203, 86 N. E. 989, 128 Am. St. 705, 19 L. R. A. (N. S.) 793; *Powers v. New York, L. E. & W. R. Co.,* 98 N. Y. 274; *Gunning System v. Lapointe,* 212 Ill. 274, 72 N. E. 392; *Vanderpool v. Partridge,* 79 Neb. 165, 112 N. W. 318, 13 L. R. A. (N. S.) 668. The following cases from our own court support this principle: *Schulz v. Johnson,* 7 Wash. 403, 35 Pac. 130; *Weeks v. Fremont Mill Co.,* 3 Wash. 629, 29 Pac. 215; *Meyers v. Ideal Steam Laundry Co.,* 60 Wash. 134, 110 Pac. 803; *Taylor v. Washington Mill Co.,* 50 Wash. 306, 97 Pac. 243; *Wilson v. Cain Lumber Co.,* 64 Wash. 533, 117 Pac. 246; *Nordstrom v. Spokane & I. E. R. Co.,* 55 Wash. 521, 104 Pac. 809, 25 L. R. A. (N. S.) 364; *Goddard v. Interstate Tel. Co.,* 56 Wash. 536, 106 Pac. 188; *Shore v. Spokane & I. E. R. Co.,* 57 Wash. 212, 106 Pac. 753;

*Brekick v. Welch,* 62 Wash. 623, 114 Pac. 435; *Mayer v. Queen City Lumber Co.,* 64 Wash. 567, 117 Pac. 392.

*Dovell & Dovell,* for respondent.

FULLERTON, J.—The appellant owns and operates an iron foundry, located at the city of Tacoma. The respondent was employed by the appellant to operate a traveling crane, running lengthwise through the foundry building, used to carry heavy material from one part of the building to another. The crane was operated by electricity, and ran upon tracks constructed some distance above the foundry floor. To enable the operator to get upon the crane, a ladder was constructed at one end of the building by nailing cross-pieces on the studding of the framework of the building, at suitable distances apart to make proper steps. The respondent began working for the appellant on January 10, 1910, and worked until 2:15 p. m., August 24, 1911, when he fell from the ladder while mounting it for the purpose of getting upon the crane. He received injuries from the fall which incapacitated him for work for the time being, and he laid off until November 6, 1911. On that day, he resumed the work of operating the crane, and worked continuously thereat until the first of June, 1912.

He began the present action on June 19, 1912, to recover damages for injuries received from the fall from the ladder on August 24, 1911. In his complaint, after alleging certain preliminary matters, and the fact that he was obligated to ascend and descend the ladder in the performance of the duties for which he was employed, he stated his cause of action in the following language:

"(4)    That on the 24th day of August, 1911, while plaintiff was engaged in the usual course of his employment and was climbing said ladder, without any knowledge of or the reasonable means of ascertaining any defect therein, and believing that said ladder was safe for the use to which it was applied, and because of the negligent manner in which said

defendant had constructed and was maintaining said ladder, which facts were well known to the defendant, plaintiff fell from the twenty-third step of said ladder to the ground with great force and violence, and was thereby severely injured, as is hereinafter more fully set out.

"(5)   That the defendant was knowingly negligent in that it failed to provide and maintain a reasonably safe place for plaintiff to work; that defendant was further negligent, and knowingly so, in that it had negligently constructed said ladder by nailing cross pieces, as steps, on to two of the adjacent studding of said foundry, at spaces of about fifteen inches apart, and had so constructed said ladder in a corner of said foundry where no light reflected thereon from any window or door; that it had built said ladder perpendicular to the ground, thereby throwing great weight on the hands in climbing same; that it had knowingly and negligently removed the twenty-third step of said ladder, and had allowed same to continue so defective; and had so constructed said ladder that plaintiff after climbing same had to turn completely around from his position on said ladder before he could step on to the platform at which said crane was stationed; that defendant was further knowingly negligent in that it allowed a portion of the framework of said foundry to remain in the position on the said ladder at which the said twenty-third step had been nailed, and which said piece, or portion of the framework, was by this plaintiff believed to be a step of said ladder, but was in fact not said step and was much too large and thick to be grasped by the hands in climbing said ladder; all of which said facts were well known to the defendant, and were unknown to this plaintiff, and beyond his means of ascertaining; and which said negligent acts on the part of the defendant caused the injury to this plaintiff as aforesaid."

An answer to the complaint was filed, denying its material allegations, and pleading affirmatively contributory negligence and assumption of risk. On the issues made, a trial was had, resulting in a verdict and judgment for the respondent in the sum of $1,000. The assignments of error made by the appellant suggest but a single question, namely, the sufficiency of the evidence to justify the verdict and judgment.

The evidence of the respondent, save in the particular here-after commented upon, in the main reflected the allegations of the complaint. It is at once apparent, however, that he has no cause of action based upon the allegations to the effect that the ladder was improperly constructed, that there was a want of sufficient light, or that the ladder was perpendicular "thereby throwing great weight on the hands in climbing the same." His action was brought under the general statutes, not under the factory act, and the defense of assumption of risk was open to the appellant. Clearly, the daily use of the ladder by the respondent for the more than a year and a half preceding the accident made him acquainted with all of the defects of which he here complains, and he must be held to have assumed all risk of injury arising therefrom.

The only allegations of negligence in the complaint upon which a recovery can rest, therefore, are the allegations to the effect that the appellant had knowingly and negligently removed, or suffered to be removed, the twenty-third step or rung of the ladder, and had allowed the same to remain in its thus defective condition; and knowingly and negligently allowed a portion of the frame work of the building to remain in a "position on the said ladder at which the said twenty-third step had been nailed," which piece was believed by the respondent to be a step in the ladder, and which was too large to grasp by the hands in climbing the ladder.

The evidence, however, falls far short of establishing these allegations. Bearing upon the question, the respondent testi-fied that the ladder was in perfect condition when he began work on January 10, 1910, and that he did not discover the absence of the rung until after he fell from the ladder on the afternoon of August 24, 1912, when he "naturally looked up" and saw that it was missing, although he climbed up and down the ladder many times each day he worked thereon, sometimes as many as fifteen or sixteen times, and on the day of the accident as many as six or seven times. He saw no one go up the ladder on the day of the accident, nor did he

see any one working at that part of the building during that day who would be likely to remove the step, although he was at his place of work during all of the working hours preceding his injury. Nor is there elsewhere in the record anything from which it could be inferred that the rung or step of the ladder was removed between the times the respondent had last climbed it and the time he received his injury. The positive evidence in the record is to the contrary, the evidence of the appellant being to the effect that it had not been removed, but was there at the time the respondent fell.

There is, therefore, no ground upon which the judgment can rest. If it be a fact that the respondent discovered the absence of the step, or by ordinary observation could have discovered its absence, and used the ladder without making the fact known to his employer, he is estopped from claiming damages for any injury arising therefrom on the doctrine of assumption of risk. Or if the absence of the rung was of such minor importance that the respondent could not have reasonably discovered it after climbing over it from six to fifteen times each working day, it is not to be supposed that any reasonable inspection on the part of the appellant would have discovered it. If, on the other hand, it is to be supposed that the rung was removed between the time the respondent last safely climbed the ladder on the day of the accident and the time he attempted to climb it and fell therefrom, the time is too short to warrant the jury in finding, in the absence of evidence of special circumstances, that the appellant, by the exercise of reasonable diligence, ought to have discovered its absence.

It is unnecessary to pursue the inquiry. The judgment must be reversed and remanded with instructions to enter a judgment to the effect that the respondent, plaintiff below, take nothing by his action. It is so ordered.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.